# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-130-G |
| | ) |
| **TYLER RAY BAKER,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Trial in this matter is set on the Court's November 2023 criminal jury trial docket. Defendant was arraigned on April 27, 2023, and moved to continue trial four times, resulting in a November 2023 trial setting. *See* Doc. Nos. 16, 23, 29, 34. Additionally, Defendant waived his speedy trial rights from June 2023 to November 2023 through written waivers of rights under the Speedy Trial Act, 18 U.S.C. § 3161. *See* Doc. Nos. 17, 24, 30, 35. Defendant's Motion to Dismiss Indictment pursuant to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) is currently under consideration by the Court. *See* Def.'s Mot. (Doc. No. 22). Defendant's Motion, if granted, would resolve this prosecution.

The Speedy Trial Act, 18 U.S.C. § 3161, provides that a person accused of a crime is generally entitled to a trial within 70 days of the filing of the charge or the accused's appearance on that charge. *Id.* § 3161(c)(1). When a continuance would cause a violation of the statutory time limit, a court may continue trial only if it finds that the period of delay is excludable under a specific provision of the Act. *Id.* § 3161(h). Any period of delay

resulting from a continuance granted by a judge on his own motion is excludable "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A); *see also United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011) ("[18 U.S.C. § 3161(h)(7)(A)] permits a district court, sua sponte or upon motion, to continue a trial setting and exclude the delay, provided the court, after considering at a minimum the factors set forth in subsections (h)(7)(B)(i), (ii), and (iv), places on the record 'either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.'" (quoting 18 U.S.C. § 3161(h)(7)(A))).

Here, the Court is confronted with a dispositive and novel question of law—whether 18 U.S.C. § 922(n) is unconstitutional under the United States Supreme Court's recent decision in *Bruen*, 597 U.S. 1 (2022). Judges in this district have resolved the question of § 922(n)'s constitutionality under *Bruen* differently. *Compare United States v. Kays*, 624 F. Supp. 3d 1262 (W.D. Okla. 2022), *with United States v. Stambaugh*, 641 F. Supp. 3d 1185, 1188 (W.D. Okla. 2022). While a decision on Defendant's Motion is imminent, the Court finds that due to the existence of a novel question of law, this case is so unusual or complex "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act]." 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, the Court determines that the ends of justice served by granting a continuance of the existing deadlines to allow Defendant's dispositive motion to be resolved and the parties to, if necessary, properly prepare for trial outweigh the best

interests of the public and Defendant to an earlier trial setting. The Court further determines that the period of delay caused by continuing trial in this matter to January 2024 is excludable for purposes of the Speedy Trial Act, under 18 U.S.C. § 3161(h)(7), for the reasons stated above.

This matter is therefore continued to the **January 2024 trial docket**, which is scheduled to begin on January 9, 2024. All remaining pretrial deadlines are hereby reset in accordance with the Federal Rules of Criminal Procedure and this Court's Local Criminal Rules.

IT IS SO ORDERED this 7th day of December, 2023.

_____
CHARLES B. GOODWIN
United States District Judge